

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

CR 05-259

September 19, 2005

VIA FACSIMILE & EMAIL
Michelle M. Peterson, Esquire
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
fax: (202) 208-7515

FILED

JAN 17 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re:   Mahmud Rashid

Dear Ms. Peterson:

This letter sets forth the full and complete plea offer to your client, Mahmud Rashid. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1. **Charges:** Mahmud Rashid agrees to waive Indictment and to plead guilty to a one-count Information charging a violation of Title 18, United States Code, Section 1343 (Wire Fraud). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mahmud Rashid and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure.

Mahmud Rashid agrees that the attached "Statement of the Offense" fairly and accurately describes his actions and involvement in double billing certain government agencies for gas. It is anticipated that during the Rule 11 plea hearing, Mahmud Rashid will adopt and sign the Statement of the Offense as a written proffer of evidence.

2. **Potential penalties, assessments, and restitution:** Mahmud Rashid understands that the maximum sentence that can be imposed is 20 years imprisonment, a fine of not more than $250,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Mahmud Rashid understands that the sentence to be imposed in this case will be determined by the Court, guided by the factors enumerated in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 2004) (hereinafter "Sentencing Guidelines"). Mahmud

Rashid understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose.

3. **Offense Level under the Guidelines:**

§ 2B1.1. Larceny, Embezzlement and Other Forms of Theft; Offenses Involving Stolen Property; Property Damage or Destruction; Fraud and Deceit; Forgery

|  |  |
|---|---|
| (a) Base Offense Level | 6 |
| (b) Specific Offense Characteristics<br>(1) (B) Loss More than $120,000 | 10 |
| TOTAL | 16 |
| § 3E1.1   Acceptance of Responsibility | -3 |
| Chapter 5, Part A: Offense Level for Determining Sentence | 13 |

In the event that this plea offer is either not accepted or is accepted and subsequently withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. **Financial Arrangements:** Mahmud Rashid agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013. Mahmud Rashid also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5. **Reservation of Allocution:** The United States reserves its full right of allocution for purposes of sentencing and post-sentencing in this matter, including the right to set forth at sentencing and all proceedings before the Bureau of Prisons all of its evidence with respect to Mahmud Rashid's criminal activities. In addition, Mahmud Rashid acknowledges that the government is not obligated and, at this time, does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. Nonetheless, the government may later determine that a downward departure is warranted pursuant to Section 5K1.1.

6. The United States reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

7. If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

8. **Government Concessions:** In exchange for his guilty plea, the government agrees not to oppose Mahmud Rashid's release pending sentencing, agrees not to oppose a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, agrees not to oppose his request for a sentence at the lower end of the Sentencing Guidelines, and agrees not to oppose Mahmud Rashid's voluntary surrender to commence serving any sentence which is imposed, provided that Mahmud Rashid continues to show his acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the United States will not bring any charges against Khondker Nasreen, nor will the United States bring any additional criminal charges against Mahmud Rashid in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offense(s) outlined in the attached Statement of Offense, and agrees that the loss amount to Federal Government as a result of Mahmud Rashid's conduct is $ 121,000.00. This agreement not to prosecute Mahmud Rashid and Khondker Nasreen does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Mahmud Rashid or Khondker Nasreen.

9. **Court Not Bound by the Plea Agreement:** It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the Stipulated Guidelines Range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

10. **Court Not Bound by the Non-Mandatory Sentencing Guidelines:** It is understood that the sentence to be imposed upon Mr. Rashid is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Mr. Rashid acknowledges that his entry of a guilty plea to the charged offense authorizes the Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The government cannot, and does not, make any promise or representation as to what

sentence Mr. Rashid will receive. Moreover, it is understood that Mr. Rashid will have no right to withdraw his plea of guilty should the Court impose a sentence outside the Guidelines range.

11. **Breach of Agreement:** Mahmud Rashid agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mahmud Rashid's release (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mahmud Rashid will not have the right to withdraw the guilty plea; (c) Mahmud Rashid shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Mahmud Rashid, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

12. Any prosecutions of Mahmud Rashid relating to the wire fraud charged in this case are not time-barred by the applicable statute of limitations on the date of the signing of this agreement and may be commenced against him in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations before the commencement of such prosecutions. Mahmud Rashid knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

13. **Waiver of Statute of Limitations:** It is further agreed that should the conviction following the defendant's plea of guilty pursuant to this agreement be vacated for any reason, then any prosecution relating to the wire fraud charged in this case that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement or reinstatement of such prosecution. It is the intent of this agreement to waive all defenses based on the statute of limitations with respect to any prosecution relating to the wire fraud charged in this case that is not time-barred on the date that this agreement is signed.

14. **Complete Agreement:** No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mahmud Rashid, Mahmud Rashid's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mahmud Rashid may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mahmud Rashid and his counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: _____
MICHELLE MEROLA
JOHN CARLIN
Assistant United States Attorney

I have read this plea agreement and have discussed it with my attorney, Michelle Peterson, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 1-17-06

MAHMUD RASHID
Defendant

I have read each of the five pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I agree that my client's desire to plead guilty as set forth in this agreement is a reasonable choice.

Date: 1/17/06

MICHELLE M. PETERSON, ESQ.
Attorney for the Defendant